## W. A. Metcalf, Appellee, v. Chicago Sandoval Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 5, 1918.

### Statement of the Case.

Action on the case by W. A. Metcalf, plaintiff, against Chicago Sandoval Coal Company, defendant, to recover damages for personal injuries resulting in the loss of sight of an eye, alleged to have been received while working as dock boss in defendant's mine. From a judgment for plaintiff for $2,000, defendant appeals.

NOLEMAN & SMITH, for appellant.

L. B. SKIPPER and G. F. MERION, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 620*—*when admission of evidence showing that safer method of work could have been employed is error.* In an action to recover for personal injuries to an employee through failure to provide a safe place to work, the question for the jury is not whether the place could have been made safer by the adoption of a different kind of safeguard from that employed, but if it was reasonably safe with the safeguard which was employed, and the admission of evidence showing that a safer method could have been employed is reversible error.

2. MASTER AND SERVANT, § 800*—*when instruction on safe place to work is erroneous.* In an action by an employee to recover for personal injuries, an instruction, given at plaintiff's request, which,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

32          APPELLATE COURTS OF ILLINOIS.

in substance, states that plaintiff may recover if defendant failed to provide a suitable and reasonably safe place to work, is objectionable as omitting to state that such failure must have contributed to the injury and as requiring defendant to provide a suitable and reasonably safe place to work, instead of requiring that he use reasonable care to provide such a place.

3. DAMAGES, § 205*—*when instruction is objectionable as failing to limit damages to those alleged in declaration.* An instruction, in an action for personal injuries to an employee, which states that plaintiff may recover any damages which he is shown to have sustained, if defendant failed to provide him a safe place to work, is objectionable as failing to limit the damages recoverable to those alleged in the declaration.

McBRIDE, J., took no part on the hearing of this case.